UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STANLEY ANTHONY LEMANSKI,

    Plaintiff,

v.                                                                                  CASE NO.  6:15-cv-1485-Orl-41JBT

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Unopposed Motion for Remand Under Sentence Four of 42 U.S.C. § 405(g) ("Motion") (Doc. 15).  For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**.

In the Motion, Defendant requests that this action be reversed and remanded to the Commissioner of Social Security ("Commissioner") under sentence four of 42 U.S.C. § 405(g) for the following reasons:

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

> Upon remand, the Appeals Council will instruct the administrative law judge to further consider the claimant's maximum residual functional capacity with specific reference to the opinion evidence of record, including the opinion of Dr. Nwaogwugwu; further evaluate the claimant's subjective complaints; and, if warranted, obtain evidence from a vocational expert.

(Doc. 15 at 1.)  Plaintiff does not oppose the Motion.  (*Id.* at 2.)

Sentence four of 42 U.S.C. § 405(g) authorizes the district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  In light of Defendant's concession of error, and Plaintiff's lack of opposition to the relief requested, the undersigned respectfully recommends that the Motion be granted.

Accordingly, it is respectfully **RECOMMENDED** that the Court enter an Order stating in substance the following:

"1.	The Motion (**Doc. 15**) is **GRANTED**.

2.	The decision of the Commissioner is hereby **REVERSED** under sentence four of 42 U.S.C. § 405(g), and this case is **REMANDED** to the Commissioner to do the following:

> Upon remand, the Appeals Council will instruct the administrative law judge to further consider the claimant's maximum residual functional capacity with specific reference to the opinion evidence of record, including the opinion of Dr. Nwaogwugwu; further evaluate the claimant's subjective complaints; and, if warranted, obtain evidence from a vocational expert.

3. The Clerk of Court is **DIRECTED** to enter judgment consistent with this Order and pursuant to Rule 58 of the Federal Rules of Civil Procedure, and close the case.  The judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) and/or 42 U.S.C. § 1383(d)(2) must be filed within **thirty (30) days** of the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees.  See In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 14, 2012).  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412."

**DONE AND ENTERED** at Jacksonville, Florida, on March 28, 2016.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Carlos E. Mendoza
United States District Judge

Counsel of Record