UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STANLEY ANTHONY LEMANSKI,

    Plaintiff,

v.                                CASE NO. 6:15-cv-1485-Orl-41JBT

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Uncontested Petition for Attorney's Fees ("Motion") (Doc. 19). Plaintiff makes a timely request for an award of $3,766.42 in attorney's fees pursuant to Section 2412(d) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and $400.00 in costs pursuant to 28 U.S.C. § 2412(a)(1).[2] (*Id.*) For the reasons stated herein, the undersigned

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] An EAJA motion is timely if made within 30 days of when the judgment becomes final, i.e., non-appealable. The judgment in this case, entered on April 26, 2016, became non-appealable on June 27, 2016. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice

(continued...)

respectfully **RECOMMENDS** that the Motion be **GRANTED**.

EAJA sets forth the following requirements for the award of fees:

> (a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.
> . . .
>
> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412. In addition, EAJA limits the parties eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Plaintiff, having obtained a sentence four reversal of a denial of benefits and remand, is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993).

---

(...continued)
of appeal must be filed within 60 days of judgment in case in which United States is a party). However, a premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). Therefore, although premature when filed, the Motion is timely.

In light of the lack of opposition to the fees sought, the undersigned recommends that Defendant's position was not substantially justified. Moreover, there are no special circumstances which would make the award unjust. In addition, the Motion provides that "Plaintiff's net worth at the time this proceeding was filed was less than two million dollars." (Doc. 19 at 2.) Thus, the undersigned recommends that an award of attorney's fees under EAJA is appropriate.

In regard to the amount of attorney's fees to be awarded, EAJA requires that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). In explanation of this standard, EAJA reads:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*

The Motion reflects that Plaintiff's counsel's rates were $190.27 per hour for work done by attorneys in 2015 and 2016, and $75.00 per hour for work done by a paralegal in 2015.[3]  (Doc. 19 at 2, 8.) As these rates are higher than the statutory

---

[3] The work performed by the paralegal, i.e., reviewing the transcript and working on the draft brief, is work traditionally done by an attorney. (Doc. 19 at 10, 14.) Therefore, the undersigned recommends that it is compensable under EAJA. *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) ("[P]aralegal time is recoverable as part of a prevailing party's award for attorney's fees and expenses, [but] *only to the extent that the paralegal*
(continued...)

maximum, Plaintiff's counsel are seeking a cost of living adjustment. (*Id.* at 8–10.) In light of the lack of opposition, the undersigned recommends that these hourly rates are reasonable and that the cost of living adjustment is warranted.[4] The undersigned also recommends that the number of hours spent by Plaintiff's counsel on the case is reasonable. The undersigned thus recommends that $3,766.42 (($190.27 x 2.2 hours) + ($190.27 x 10.5 hours) + ($75.00 x 18 hours)) is a reasonable amount for attorney's fees in this case.[5] The undersigned further recommends that costs in the amount of $400.00 for the filing of the Complaint are recoverable pursuant to 28 U.S.C. § 2412(a)(1).

Accordingly, it is respectfully **RECOMMENDED** that the Court enter an order stating substantially the following:

"1.   The Motion (**Doc. 19**) is **GRANTED**.

2.   The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,766.42 for attorney's fees and $400.00 for costs.

3.   The Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of the Treasury determines that

---

(...continued)
*performs work traditionally done by an attorney*.") (quotations omitted).

[4] Were these hourly rates contested, the undersigned's recommendation regarding the reasonableness of the rates might be different.

[5] Although the paralegal's time records state "Total hours: 20.0," this appears to be a typographical error. (Doc. 19 at 14.) The paralegal's time entries total 18 hours, and the amount requested in the Motion is based on 18 hours of paralegal time. (*Id.* at 2, 8, 14.)

Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel."[6]

**DONE AND ENTERED** at Jacksonville, Florida, on June 28, 2016.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Carlos E. Mendoza
United States District Judge

Counsel of Record

---

[6] Plaintiff assigned his right to attorney's fees under EAJA to his attorney. (Doc. 19 at 2; Doc. 19-1.)